UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO DEAN BLACKSTONE, ) | CV F 05 0667 REC LJO HC |
| ) | |
| Petitioner, ) | FINDINGS AND RECOMMENDATION |
| ) | REGARDING PETITION FOR WRIT OF |
| v. ) | HABEAS CORPUS PURSUANT TO 28 |
| ) | U.S.C. § 2241 |
| ) | |
| PAUL M. SCHULTZ, ) | |
| ) | |
| Respondent. ) | |

Petitioner, a federal prisoner proceeding pro se, has filed an application for a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**BACKGROUND[1]**

Petitioner is currently in custody of the Bureau of Prisons at the United States Penitentiary located in Atwater, California, pursuant to a judgment of the United States District Court for the Central District of California entered on November 15, 1999, following his conviction by jury trial of: 1) Interference with commerce by threats or violence in violation of 18 U.S.C. § 1951; and 2) Possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c).

---

[1] This information was derived from the petition for writ of habeas corpus.

1  See Petition at 2. Petitioner was sentenced to consecutive, determinate prison terms of 230 months
2  and 60 months. Id.
3      Petitioner appealed the conviction to the Ninth Circuit Court of Appeals. Petitioner states the
4  Ninth Circuit affirmed the judgment. Id.
5      Petitioner states he then filed a motion to vacate, set aside or correct the sentence pursuant to
6  28 U.S.C. § 2255 in the sentencing court and said motion was denied. Id.
7      On May 23, 2005, Petitioner filed the instant petition for writ of habeas corpus in this Court.
8  Petitioner claims "the district court imposed his sentence in part based upon facts not admitted by the
9  petitioner nor found by the jury beyond a reasonable doubt, but was found by the judge and imposed
10 under 18 U.S.C. § 3553(b)(1)." See Memorandum in Support of Petition (hereinafter
11 "Memorandum") at 3. Petitioner contends the district court misapplied the sentencing guidelines and
12 violated his due process rights under United States v. Booker, ___ U.S. ___, 125 S.Ct. 738, 160
13 L.Ed.2d 621 (2005).

14     **JURISDICTION**

15     A federal prisoner who wishes to challenge the validity or constitutionality of his conviction
16 or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28
17 U.S.C. § 2255. Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.1988); Thompson v. Smith, 719
18 F.2d 938, 940 (8th Cir.1983); In re Dorsainvil, 119 F.3d 245, 249 (3rd 1997); Broussard v. Lippman,
19 643 F.2d 1131, 1134 (5th Cir.1981). In such cases, *only the sentencing court has jurisdiction*.
20 Tripati, 843 F.2d at 1163. A prisoner may not collaterally attack a federal conviction or sentence by
21 way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Grady v. United States,
22 929 F.2d 468, 470 (9th Cir.1991); Tripati, 843 F.2d at 1162; see also United States v. Flores, 616
23 F.2d 840, 842 (5th Cir.1980).
24     In contrast, a federal prisoner challenging the manner, location, or conditions of that
25 sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241. Brown
26 v. United States, 610 F.2d 672, 677 (9th Cir. 1990); Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th
27 Cir. 1998); United States v. Tubwell, 37 F.3d 175, 177 (5th Cir. 1994); Kingsley v. Bureau of
28 Prisons, 937 F.2d 26, 30 n.5 (2nd Cir. 1991); United States v. Jalili, 925 F.2d 889, 893-94 (6th Cir.

1991); Barden v. Keohane, 921 F.2d 476, 478-79 (3rd Cir. 1991); United States v. Hutchings, 835 F.2d 185, 186-87 (8th Cir. 1987).

In this case, Petitioner is challenging the validity and constitutionality of his sentence rather than an error in the administration of his sentence. Therefore, the appropriate procedure would be to file a motion pursuant to § 2255 and not a habeas petition pursuant to § 2241. Petitioner concedes this fact. Petitioner admits bringing this petition as a § 2241 petition instead of a § 2255, because he has already sought relief by way of § 2255. However, a petition contending Petitioner's sentence is invalid is still a § 2255 petition regardless of what Petitioner calls the petition. See Brown, 610 F.2d at 677.

In rare situations, a federal prisoner authorized to seek relief under § 2255 may seek relief under § 2241 *if* he can show the remedy available under § 2255 to be "inadequate or ineffective to test the validity of his detention." United States v. Pirro, 104 F.3d 297, 299 (9th Cir.1997) (quoting § 2255). Although there is little guidance from any court on when § 2255 is an inadequate or ineffective remedy, the Ninth Circuit has recognized that it is a very narrow exception. Ivy v. Pontesso, 328 F.3d 1057, 1059 (9th Cir.2003); Pirro, 104 F.3d at 299; Aronson v. May, 85 S.Ct. 3, 5 (1964) (a court's denial of a prior § 2255 motion is insufficient to render § 2255 inadequate.); Tripati, 843 F.2d at 1162-63 (9th Cir.1988) (a petitioner's fears of bias or unequal treatment do not render a § 2255 petition inadequate); Williams v. Heritage, 250 F.2d 390 (9th Cir.1957); Hildebrandt v. Swope, 229 F.2d 582 (9th Cir.1956). The Ninth Circuit has provided little guidance on what constitutes "inadequate and ineffective" in relation to the savings clause. It has acknowledged that "[other] circuits, however, have held that § 2255 provides an "inadequate or ineffective" remedy (and thus that the petitioner may proceed under § 2241) when the petitioner claims to be: (1) factually innocent of the crime for which he has been convicted; and, (2) has never had an "unobstructed procedural shot" at presenting this claim." Ivy, 328 F.3d at 1059-60, *citing*, Lorentsen v. Hood, 223 F.3d 950, 954 (9th Cir.2000) (internal citations omitted). The burden is on the petitioner to show that the remedy is inadequate or ineffective. Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963).

In the petition for writ of habeas corpus, Petitioner claims that § 2255 is inadequate and ineffective. Petitioner claims he is foreclosed from raising the instant claims because he has already

filed a motion pursuant to § 2255 which was subsequently denied, and a second motion would be summarily denied as successive. Petitioner contends that he has not had an unobstructed procedural opportunity to challenge his sentence based on the Supreme Court's decision in United States v. Booker, ___ U.S. ___, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

In Booker, the Supreme Court reaffirmed its holding in Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000): "Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." Booker, 125 S.Ct. at 756, *citing*, Apprendi, 530 U.S. at 488-490. While Petitioner's couches his challenge to his sentence as one founded on an allegedly "new" basis for relief established by Booker, his challenge is indeed based on the holding in Apprendi, and Apprendi is not a new rule of constitutional law. It was in fact decided on June 26, 2000, which was prior to Petitioner's first § 2255 motion.

Therefore, it is clear Petitioner has not demonstrated that § 2255 provides an "inadequate or ineffective" remedy. He does not state whether he raised his sentence challenges based on Apprendi to the Ninth Circuit in his first § 2255 motion, but it is plain that Petitioner had the opportunity. If Petitioner did not present his Apprendi challenge to the Ninth Circuit in the first § 2255 motion, only he can be faulted for his failure to do so. If Petitioner did present his Apprendi challenge and the Ninth Circuit denied the motion, then Petitioner did have an "unobstructed procedural shot" and used it. Furthermore, Petitioner has not stated whether he has sought permission from the Ninth Circuit to file a successive § 2255 motion. It is possible that the Ninth Circuit would grant such a motion in which case Petitioner would have yet another opportunity to present his claim in the proper forum. Thus, Petitioner has not shown that he did not have an "unobstructed procedural shot" at presenting his challenges to the Ninth Circuit.

Even if the petition was allowed to pass through the savings clause, it would be without merit because Booker and Apprendi have not been held to be retroactive to cases on collateral review. Harris v. United States, 536 U.S. 545, 581 (2002) ("No Court of Appeals, let alone this Court, has held that Apprendi has retroactive effect."); United States v. Sanchez-Cervantes, 282 F.3d 664 (9th

U.S. District Court
E. D. California          cd                                            4

Cir.2002) (the ruling in <u>Apprendi</u> does not apply retroactively to initial petitions for collateral review); <u>Humphress v. United States</u>, 398 F.3d 855, 860 (6th Cir.2005) (<u>Booker</u> is not retroactive); <u>McReynolds v. United States</u>, 397 F.3d 479, 481 (7th Cir.2005) (same); <u>United States v. Price</u>, 400 F.3d 844, 845 (10th Cir.2005) (same); <u>Varela v. United States</u>, 400 F.3d 864, 868 (11th Cir.2005) (per curiam) (same); <u>Guzman v. United States</u>, 404 F.3d 139 (2nd Cir.2005) (same); <u>United States v. Sahlin</u>, 399 F.3d 27 (1st Cir.2005) (<u>Booker</u> provides no basis to vacate the entry of a pre-<u>Booker</u> guilty plea).

Therefore, the petition should be dismissed.

## RECOMMENDATION

Accordingly, the Court RECOMMENDS that the petition for writ of habeas corpus be DISMISSED because the petition does not allege grounds that would entitle petitioner to relief under 28 U.S.C. § 2241.

These Findings and Recommendations are submitted to the Honorable Robert E. Coyle, United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   August 2, 2005**          /s/ Lawrence J. O'Neill
b9ed48                              UNITED STATES MAGISTRATE JUDGE